| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK | Date of Hearing: 12/14/17<br>Time of Hearing: 10:00 a.m.<br>Place of Hearing: Syracuse, NY |
| In re:<br><br>ROTH STEEL CORPORATION, ET AL.,[1]<br><br>Debtors. | Case No. 14-30745<br>Chapter 7 (Main Case)<br>Case No. 14-30746<br>Case No. 14-30747<br><br>Jointly Administered |

[1] The Debtors and the last four digits of their taxpayer identification numbers are: Roth Steel Corporation (6660); El-Roh Realty Corporation (9243); and CNY Car Crushers, Inc. (9581).

### MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

William J. Leberman, Chapter 7 trustee ("Trustee") for the bankruptcy estates (collectively, "Estates") of the above captioned debtors (collectively "Debtors"), requests the entry of an order approving the sale of certain assets of the Debtors' Estates to Oak Point Partners, Inc. ("Oak Point") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002

and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On May 2, 2014, the Debtors each filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. On or about May 2, 2014, the Trustee was appointed as the Chapter 7 trustee for the Debtors' Estates.

5. Since being appointed, the Trustee has administered the Debtors' Estates for the benefit of its creditors in accordance with its power and duties. The Trustee is now in the process of winding down the administration of these cases. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estates' remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

6. The Trustee has determined that there may exist property of the Debtors' Estates, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estates would possibly receive on account of the Remnant Assets.

7. The Trustee and Oak Point have negotiated an agreement (the "Purchase Agreement") for the sale of the Remnant Assets. A copy of the Purchase Agreement is attached as Exhibit A hereto.

## Requested Relief

8. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and

(b) approving the terms of the Purchase Agreement.

9. The Purchase Agreement generally provides for an aggregate purchase price of $7,500.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the Debtors' Estates and which will be deposited into the Roth Steel case.

10. In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; and (ii) the Purchase Price for the Remnant Assets.

11. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estates would possibly receive.

### Bidding Procedures

12. Contemporaneously herewith, the Trustee filed the Notice of Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtors' Estates Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (the "Notice"). The Notice, in part, (i) establishes a deadline by which objections or responses to this Motion must be filed with the Court (the "Response Deadline"); and (ii) provides which parties must receive objections or responses to this Motion (the "Response Parties").

13. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a

party other than Oak Point (each, an "Interested Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, the "Bidding Procedures"):

    a. each Interested Bidder who wants to participate in the overbid process must notify the Response Parties of its intention to do so in accordance with the Notice on or before the Response Deadline;

    b. each Interested Bidder must submit, in writing, via email or hardcopy, a single, sealed bid to the Trustee which shall be deemed such Interested Bidder's final bid (each, a "Final Bid"), along with a cashier's check in amount of such Interested Bidder's Final Bid;

    c. each Final Bid for the Remnant Assets must be at least $12,500.00; and

    d. in the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such party shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

14. The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtors' Estates and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estates. Accordingly, the sale to Oak Point should be approved as requested.

### Authority for Requested Relief

15. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. To approve use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or

trustee, as the case may be. *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989)

17. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

18. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of business judgment, and is in the best interest of creditors of the Debtors' Estates. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the Estates.

19. Moreover, based on the foregoing, Oak Point should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

20. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

    a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    b. Such entity consents;

    c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d. Such interest is in bona fide dispute; or

    e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

21. Finally, the Trustee respectfully submits that the proposed Bidding Procedures are appropriate and should be approved by the Court. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. See, e.g., *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

22. As set forth herein, the Trustee submits that the sale of the Remnant Assets is

a prudent exercise of its business judgment under the circumstances, and is in the best interest of the Debtors' Estates and creditors. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtors' Estates would not realize any benefits on account of the Remnant Assets. The Purchase Price for the sale is reasonable and has been negotiated at arm's length.

23.    Additionally, the Trustee has sufficient funds on hand such that it is estimated that the allowed claims of all timely-filed, non-insider creditors will be paid in full, without interest. Therefore, the Trustee respectfully requests that the Court grant the Motion.

### Waiver of Stay of Order

24.    Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

### Notice

25.    Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, the Bidders List, all creditors and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated:  November 20, 2017

By _____
WILLIAM J. LEBERMAN
(Bar Roll No. 301154)
Chapter 7 Trustee
Office and P.O. Address
One Lincoln Center, Suite 1110
110 West Fayette Street
Syracuse, New York 13202
Telephone No.: (315) 478-1334
Facsimile No.:  (315) 424-1011
Email: wleberman@lebermanlaw.com